1
2
3
4
5
6
7
8
**UNITED STATES DISTRICT COURT**
9
**DISTRICT OF NEVADA**
10

11  SHEILA ANN DELMONTE-WRIGHT,                    Case No.: 2:19-cv-00921-APG-NJK
12          Plaintiff(s),
                                                   **Order**
13  v.
                                                   [Docket Nos. 20-21]
14  GEICO CASUALTY COMPANY,
15          Defendant(s).

16      Pending before the Court are Defendant's motions to quash or for protective order, filed

17  on November 5, 2019. Docket Nos. 20-21. The motions are defective in numerous respects and,

18  therefore, are **DENIED** as stated below.

19  **I.     DEPOSITION OF JUSTINE RUTTER**

20      On September 19, 2019, Plaintiff noticed the deposition of Defendant's employee Justine

21  Rutter to take place in Las Vegas on November 13, 2019. Docket No. 20-1. Hence, 55-days'

22  notice was provided for that deposition. On September 30, 2019, Defendant objected to this notice

23  by asserting that (1) Ms. Rutter cannot be compelled to testify in Nevada because she is not a

24  resident here, (2) the deposition was unilaterally noticed without consulting with defense counsel,

25  and (3) the deposition testimony should have been subpoenaed because Ms. Rutter is a non-party.

26  Docket No. 20-3 at 4. Defense counsel then waited another 32 days (until November 1, 2019) to

27  meet-and-confer on those objections. Docket No. 20 at 2. On November 5, 2019, the instant

28  motion was filed seeking to vacate the now-imminent deposition that is scheduled to take place in

four business days. *See* Docket No. 20 (notice of electronic filing). Even under the expedited briefing scheduling used for discovery motion practice, the response to the motion is not due until 11:59 p.m. on November 12, 2019 (*i.e.*, ten hours and one minute before the deposition is scheduled to take place). *See* Docket No. 15 at 2 & n.1; *see also* Local Rule IC 3-1(a) (unless otherwise ordered, deadlines are set at 11:59 p.m. on the date due).[1] Given that timeframe, this motion must be filed in compliance with the rules governing emergency motions. *See, e.g.*, Docket No. 15 at 3.[2]

No showing has been made that emergency relief is proper here. "Emergency motions 'are not intended to save the day for parties who have failed to present requests when they should have.'" *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) (quoting *in re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989)). Emergency motions will be denied when the movant has created the exigent circumstances by delaying in bringing the request. *Id.* "When an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright." *Id.*; *see also Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, *1 (D. Nev. Oct. 14, 2011) (overruling objections to magistrate judge order finding an emergency motion to quash subpoena was untimely when three-weeks' notice was provided for a deposition but the motion to quash was filed only three business days before the deposition). As noted above, counsel here had many weeks to seek relief from the Court, but inexplicably decided to seek relief four business days before the deposition is set to take place. Counsel created the exigent circumstances, and the request for relief is properly denied outrightly on that basis.

---

[1] The response is due four days after service of the motion, *see* Docket No. 15 at 2, which in this case is Saturday, November 9, 2019. Moreover, the following Monday is Veterans Day, which is a Court holiday. As such, even under the expedited briefing schedule already in place for discovery motions, the response is due on November 12, 2019. Fed. R. Civ. P. 6(a)(1)(C).

[2] The act of filing of a discovery motion seeking relief from a deposition does not negate the duty to appear for that deposition, as litigants are not entitled to grant themselves that relief. *See, e.g.*, *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 336 (D. Nev. 2016) (discussing, *inter alia*, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)). That duty is relieved by obtaining an order from the Court. *Id.*

Accordingly, the request for relief with respect to the deposition of Justine Rutter is **DENIED** with prejudice.[3]

## II.     RULE 30(B)(6) DEPOSITION

Defendant also seeks relief from the Rule 30(b)(6) deposition notice setting a deposition date of November 19, 2019.[4]  *See* Docket No. 20 at 11-17.  Courts only address well-developed arguments, a requirement that applies with equal force to discovery motion practice.  *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 & n.2 (D. Nev. Apr. 30, 2018).  "Parties may not merely identify an objection or response in seeking judicial intervention."  *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018).  Defendant's request for relief from the Rule 30(b)(6) deposition notice is not sufficiently developed to enable resolution.

For example, there is ample case law within the Ninth Circuit providing the standards governing a dispute as to the location of a Rule 30(b)(6) deposition, *see, e.g.*, *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628-29 (C.D. Cal. 2005), none of which is identified or addressed in the motion.  Moreover, Defendant seeks relief from all but one of the deposition topics in the notice through the simple parroting of its objections.  *See* Docket No. 20 at 12-16.  Other than conclusory recitation of standards at the outset of this section, Docket No. 20 at 12,[5] the motion

---

[3] Because the motion is untimely, the Court does not otherwise address the merits of this motion.  The Court notes that, "[a]s a general rule, a party has no standing to seek to quash a subpoena issued to a non-party to the action."  *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *2 (D. Nev. Nov. 22, 2013).  While the motion seeks to highlight Defendant's contention that Ms. Rutter is properly treated as a non-party to this action, the motion makes no showing that Defendant has standing to request vacation of her deposition.

[4] This deposition notice was also served months ago and objected to in September, evidencing significant delay on the part of counsel.  Given that 14 days remain before the deposition, however, the Court will not opine herein on whether the motion is untimely with respect to the Rule 30(b)(6) deposition.  Instead, a proper showing must be made that it is timely in any renewed motion.

[5] The standard for relevance is <u>not</u> whether discovery is likely to lead to admissible evidence.  *See, e.g.*, *in re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Nev. 2016).

includes no citation or discussion of case law with respect to each particular objection. The motion

certainly does not include well-developed argument.[6]

Having failed to provide well-developed argument in support of the request for relief from

the Rule 30(b)(6) deposition, that aspect of the motion is **DENIED** without prejudice. In light of

the upcoming Rule 30(b)(6) deposition date, any renewed motion must be filed by November 7,

2019, with any response due on November 12, 2019, and any reply due at noon on November 13,

2019. In addition to the substantive issues raised, any renewed motion must explain why it should

be considered timely in light of the delay in seeking relief roughly a month and a half after the

deposition notice was served.

IT IS SO ORDERED.

Dated: November 5, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] Sprinkled throughout the motion and the attachments, both parties quote and cite at times to the Nevada Rules of Civil Procedure. This case is proceeding in federal court and the Federal Rules of Civil Procedure govern discovery here. *See, e.g.*, Fed. R. Civ. P. 81(c)(1).