UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHEILA ANN DELMONTE-WRIGHT,

    Plaintiff(s),

v.

GEICO CASUALTY COMPANY,

    Defendant(s).

Case No.: 2:19-cv-00921-APG-NJK

**Order**

[Docket No. 26]

Pending before the Court is Defendant's motion for reconsideration of the order denying the motion for relief with respect to the noticed deposition of Justine Rutter. Docket No. 26. The motion for reconsideration was filed on an emergency basis and any response was due by noon today, November 7, 2019. Docket No. 29. No response has been filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

On September 19, 2019, Plaintiff noticed the deposition of Defendant's employee Justine Rutter to take place in Las Vegas on November 13, 2019. Docket No. 20-1. Hence, 55-days' notice was provided for that deposition. On September 30, 2019, Defendant objected to this notice by asserting that (1) Ms. Rutter cannot be compelled to testify in Nevada because she is not a resident here, (2) the deposition was unilaterally noticed without consulting with defense counsel, and (3) the deposition testimony should have been subpoenaed because Ms. Rutter is a non-party.

Docket No. 20-3 at 4. The meet-and-confer was not conducted for another 32 days, until November 1, 2019. Docket No. 20 at 2. On November 5, 2019, Defendant moved for relief from the deposition that was then scheduled to take place just four business days later. *See* Docket No. 20 (notice of electronic filing). Given the failure to promptly move for relief, the Court summarily denied Defendant's motion as untimely. Docket No. 22 (citing, *inter alia*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015) and *Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, *1 (D. Nev. Oct. 14, 2011)).[1]

Defendant and Ms. Rutter are now before the Court seeking reconsideration of that order. Docket No. 26.[2] The primary basis for that request is to alert the Court to the fact that counsel's "initial overture" to initiate the meet-and-confer was on October 28, 2019, which counsel characterizes as "much earlier" than the actual meet-and-confer date of November 1, 2019. *Id.* at 2, 3. The motion for reconsideration also makes clear that, due to poor advice from counsel, Ms. Rutter is currently overseas for a pre-planned wedding and is unavailable for deposition on the scheduled date. *See id.* at 5.

### III. STANDARDS

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). Motions for reconsideration are disfavored. Local Rule 59-1(b). Reconsideration of an interlocutory order may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). It is well-settled that a motion for reconsideration

---

[1] Given this untimeliness, the Court did not reach the substantive arguments presented, including that the location of the deposition was improper. *Cf.* Fed. R. Civ. P. 45(d)(3) (a nonparty seeking to quash a subpoena based on improper location must file a "*timely* motion" (emphasis added)).

[2] The previous motion was filed only on behalf of Defendant. As the Court noted previously, it was not entirely clear that Defendant has standing to seek relief given its assertions that Ms. Rutter must be treated as a non-party for discovery purposes. *See* Docket No. 22 at 3 n.3 (citing *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *2 (D. Nev. Nov. 22, 2013)).

2

"may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (emphasis in original, citation and internal quotations omitted). On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." Local Rule 59-1(b).

## IV. ANALYSIS

In applying these standards, the Court first rejects Defendant's argument that reconsideration is proper based on the newly-raised—but previously existing—fact that counsel first reached out to schedule a meet-and-confer on October 28, 2019. That fact does not in any way change the conclusion that counsel unduly delayed in bringing a motion for relief from the deposition. Again, counsel was provided <u>55-days' notice</u> of the deposition, but did not file a motion for relief until four business days before the deposition was scheduled to take place. That fatal circumstance is left unchanged regardless of the fact being newly raised, and the circumstances as currently presented in the motion for reconsideration continue to show that Defendant's motion was properly denied as untimely. *See, e.g.*, *Allstate Ins. Co. v. Nassiri*, 2011 WL 4905639, *1 (D. Nev. Oct. 14, 2011) (overruling objections to magistrate judge order finding an emergency motion to quash subpoena was untimely when three-weeks' notice was provided for a deposition but the motion to quash was filed only three business days before the deposition).

The motion for reconsideration gains more traction in the also-newly-raised fact that, on the advice of counsel, Ms. Rutter left the country for a pre-planned wedding and is unavailable to be deposed as currently scheduled. To be clear, this fact should have been raised in the motion itself. Moreover, and more importantly, the advice of counsel evidences a fundamental misunderstanding of the judicial process: a litigant cannot grant himself the relief he seeks by filing a motion. *See, e.g.*, *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 336 (D. Nev. 2016) (discussing, *inter alia*, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)). Only an order from the Court actually relieves a witness from appearing at a deposition. *See id.* An attorney is living dangerously in advising a client that she may leave the country notwithstanding a scheduled deposition when there has been

no stipulation with opposing counsel to move the deposition date and no order from the Court vacating it. The Court would be well within its discretion to deny reconsideration given these circumstances, but as a <u>one-time courtesy</u> to <u>Ms. Rutter herself</u>, the Court will reconsider its prior order only in that the current deposition date is vacated. The ship has sailed on the other arguments presented, however, including those regarding the method of service and the location of the deposition; those arguments were waived by failing to file a timely motion. *See, e.g.*, Fed. R. Civ. P. 45(d)(3). Accordingly, Ms. Rutter must appear for deposition in Las Vegas at a mutually agreeable date no later than seven days after her return from her overseas trip.

**V.    CONCLUSION**

For the reasons discussed above, the motion for reconsideration is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: November 7, 2019

Nancy J. Koppe
United States Magistrate Judge